MOORE, Chief Justice
(dissenting).
Monique Jackson claims that the Geneva County Board of Education (“the Board”) denied her tenure as a schoolteacher because she had supported the previous prin *1231 cipal, whom the Board had ousted. She filed a complaint seeking reinstatement, tenure, and backpay, citing a section of the Code that prohibits teacher firings for “personal or political reasons.” § 16-24C-4, Ala-Code 1975. The trial court dismissed the case, and the Court of Civil Appeals affirmed that dismissal.
This case presents a question of first impression as to whether a nontenured teacher can be fired for personal or political reasons. Because I believe that the Court of Civil Appeals erred in affirming the dismissal of Jackson’s case, I would grant the petition for a writ of certiorari to explicate the meaning of § 16-24C-4.

Analysis

The relevant portion of § 16-24C-4 reads as follows:
“No action may be proposed or approved based upon personal or political reasons on the part of the employer, chief executive officer, or governing board. A teacher shall attain tenure ... as follows:
“(1) ... [A] teacher ... shall attain tenure upon the completion of three complete, consecutive school years of full-time employment as a teacher with the same employer unless the governing board approves and issues written notice of termination to the teacher on or before the last day of the teacher’s third consecutive, complete school year of employment.... ”
Because a teacher automatically attains tenure after three years of full-time employment without any need for action by the governing board, the opening clause prohibiting actions “based upon personal or political reasons” would be meaningless if § 16-24C-4 addressed only the time for attaining tenure. Section 16-24C-4 also states, however, that tenure is automatic “unless the governing board approves and issues written notice of termination to the teacher on or before the last day of the teacher’s third consecutive, complete school year of employment.” The phrase “approves and issues written notice of termination” parallels the preceding statement that “[n]o action shall be proposed or approved based upon personal or political reasons-” Thus, the Board is prohibited from approving a written notice of termination “based upon personal or political reasons” for the purpose of denying a teacher tenure prior to completion of “the teacher’s third consecutive, complete school year of employment.”
The Court of Civil Appeals, treating § 16-24C-4 as establishing merely the time period for the automatic attainment of tenure, did not consider that the “personal or political reasons” prohibition could apply to the termination clause of § 16-24C 4. The Court of Civil Appeals further held that the Code section applicable to Jackson’s termination was § 16-24C-5, which provides that a probationary teacher, i.e., one who has not attained tenure, “may be terminated at the discretion of the employer.” Because § 16-24C-5 does not contain a “personal or political reasons” limitation on the termination decision, the Court of Civil Appeals upheld the trial court’s dismissal of Jackson’s case.
The Court of Civil Appeals erred in holding that the “personal or political reasons” prohibition of § 16-24C-4 did not apply to the Board’s decision to terminate Jackson’s employment. “ ‘There is a presumption that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were Used.’ ” Sheffield v. State, 708 So.2d 899, 909 (Ala.Crim.App.1997) (quoting 82 C.J.S. Statutes § 316 (1953)). Contrary to the canon of construction that every provision in a statute is “intended *1232 for some useful purpose,” the Court of Civil Appeals’ interpretation of § 16-24C-4 rendered the opening clause superfluous and of no effect. “The court must give effect to each part of the statute, if possible, without doing violence to some other portion of the statute.” Sheffield, 708 So.2d at 909.
Interpreting “every word, sentence, or provision” of § 16-24C^t to be fully operative gives effect to the statute as written without doing any violence to § 16-24C-5, which provides general direction for the termination of the employment of probationary teachers in contrast to the specific application of § 16-24C-4 to the decision to terminate the employment of a teacher who is on the brink of tenure. The prohibition against terminating the employment of a teacher for “political or personal reasons” for the purpose of denying that teacher tenure is a significant statutory protection that the Court of Civil Appeals, in my view, erroneously invalidated.

Conclusion

Because I believe that the Court of Civil Appeals erred in nullifying the “political or personal reasons” language in § 16-24C^1, I would grant the petition for a writ of certiorari to address this question of first impression.